IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **CONCERNING MODIFICATION OF** |
| | ) | **SUPERVISED RELEASE CONDITIONS** |
| DUAN LI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 16, 2006, the United States Probation Office filed a Petition and supporting declaration alleging that the Defendant violated his conditions of supervised release. See Docket No. 15. According to the Petition and declaration, following the receipt of asylum, the Defendant failed to report to the United States Probation Office to begin serving his two-year term of supervised release. A warrant for the Defendant's arrest was thereafter issued.

On December 11, 2007, the Defendant appeared with counsel before the court and knowingly and voluntarily waived his right to an evidentiary hearing and admitted to the above violation as alleged in the Petition and supporting declaration. The Government and the Defendant agreed that an appropriate disposition for the violation would be to eliminate the need to complete the 200 hours of community service imposed at sentencing. Additionally, counsel requested that the court *not* toll the time period during which the arrest warrant was pending. The Probation Officer stated that if the period were not tolled, the Defendant's supervised release term would be over as it would have expired in March 2007.

While the below-signed judge acknowledges the Defendant's efforts and applauds him for being a law-abiding, productive citizen since his sentencing hearing and lawful admission to the United States, the court believes that some time of supervision by the United States Probation Office of the Defendant is warranted. Therefore, I hereby recommend that the District Judge (1) accept the Defendant's admission to the violation, (2) modify the Defendant's supervised release conditions by vacating the performance of 200 hours of community service, and (3) toll the time during which the arrest warrant was pending, thus leaving approximately nine (9) months of supervised release remaining.

IT IS SO RECOMMENDED.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Dec 12, 2007

### NOTICE

**Failure to file written objections to this Report and Recommendation within ten (10) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**